## Copp *vs.* The Town of Norwich.

Land was conveyed to the plaintiff and his heirs forever, upon the following
trust : "to let the premises at his discretion, collect the rents, and therewith
keep in repair the premises, insure the buildings, pay the taxes on the prem-
ises, and his reasonable expenses in managing the trust, and out of the bal-
ance of said rents, apply so much as he should deem suitable to the proper
support, education and maintenance of the grantor's three minor children,
according as, in his judgment, shall be requisite, suitable, and best for each
of them while in their minority ; and when the youngest of them, or the sur-
vivors of them, if either should die previously, shall attain his majority, then
to convey the premises to such of said children as shall then be living, their
heirs and assigns forever. If but one of them shall survive, then the whole
to be conveyed to the survivor. If either should die, leaving lawful issue,
such issue to take the share which would have belonged to their parent."
Any surplus rents, beyond what might be needed for the purposes specified,
were, by the trustee, to be invested, and holden upon the same trust as the
property conveyed by the deed. In case all the children should die before
the time appointed for the conveyance by the trustee, leaving no lawful issue,
then he was to convey the premises, and the accumulated rents, to the heirs
at law of such children, if any, and their heirs forever, and if there should
be none such, then to the heirs of the grantor.    In an action by such
trustee, during the minority of said children, against the town, in which said
land was situated, to recover the money, by him paid to such town, for
taxes assessed upon such land, the plaintiff claimed that the land belonged
to said minor children; that they were persons of color, and their estate
exempt from taxation, under the act relating to the assessment of taxes ;
(Rev. Stat., tit. 50, ch. 1, § 3 ;) it was held, that said land was not the prop-
erty of the *cestuis que trust*, and was not exempt from taxation, and conse-
quently that the plaintiff was not entitled to recover.

THIS was an action of assumpsit, brought by the plaintiff,
as trustee of three minor children, to recover moneys paid for
taxes, imposed by the defendants, upon certain real estate,
situated in the town of Norwich.

The parties agreed upon the following statement of facts.
The real estate, upon which the taxes were laid, was con-
veyed to the plaintiff by deed from the father of the minors,
of Georgia, dated August 26, 1852.    The material provisions
therein contained, are the following.    The plaintiff was "to
have and to hold the premises with the appurtenances thereof,

unto him the said Belton A. Copp and his heirs forever, in trust, for the use and benefit of the persons hereinafter designated, and upon the trusts following," *viz.*, " to let the premises at his discretion, collect the rents, and therewith keep in repair the premises, insure the buildings, pay the taxes on the premises, and his reasonable expenses in managing the trust, and out of the balance of such rents, apply so much as he should deem suitable to the proper support, education and maintenance of the grantor's three children, then living in Groton, according, as, in his judgment, shall be requisite, suitable, and best for each of them, while in their minority ; and when the youngest of them, or the survivors of them, if either should die previously, shall attain his majority, then to convey the premises to such of said children as shall then be living, their heirs and assigns forever. And if but one of them shall survive, then the whole to be conveyed to the survivor. If either should die leaving lawful issue, such issue to take the share which would have belonged to their parents." Any surplus rents, beyond what might be needed for the purposes specified, were by the trustee to be invested, and holden upon the same trusts, as the property conveyed by the deed.

In case all the children should die before the time appointed for the conveyance by the trustee, leaving no lawful issue, then he was to convey the premises, and accumulated rents, to the heirs at law of such children, if any, and their heirs forever, and if there should be none such, then to the heirs of the grantor.

The three children, named in the deed, are still living, and are all minors. Their father is a white man ; their mother a mulatto woman, whose mother was of unmixed black, and whose father was of unmixed white blood; and the children correspond in complexion to their descent, being lighter than mulattos, and darker than whites.

The plaintiff has paid two taxes upon the property, amounting to $117.99.

The question reserved for the advice of this court is, whether upon these facts, under the statute of 1851, the property conveyed to the plaintiff, in manner aforesaid, is exempt from taxation. If it is, judgment is to be rendered in favor of the plaintiff, for the amount of taxes paid, with interest; otherwise for the defendants.

*Crump* and *E. Perkins*, for the plaintiff.

1. The statute of this state, Rev. Stat., p. 838, it is agreed, exempts from taxation "the personal and real estate of persons of color."

2. The fact that this property is held in trust by a white man, for persons of color, does not take it out of the exemption, because such a construction defeats the very object of this remedial law.

It is true the estate of these *cestuis que trust* is an equitable one, but the land is none the less, on that account, their "real estate."

This, moreover, is all the estate that has any value. It takes all the benefit, use and profit of the land, and especially it, and it alone, must pay these taxes if paid at all. The trustee is but an instrument. It matters not to him whether they are paid or not.

3. The clause in the deed, which makes it the duty of the trustee "to pay the taxes in the premises," does not affect this case, because the deed of course means lawful taxes, and the very matter in dispute is the lawfulness of these taxes. *City Council* v. *St. Philip's Church*, 1 McMullen, Ch. Rep., 140. (U. S. Eq. Dig., 2, p. 606, No. 20.)

*Wait* and *Halsey*, for the defendants.

1. The deed, under which the plaintiff derives his title, and prosecutes this suit, makes it incumbent upon him to pay the taxes. The duties and liabilities of trustees, under a deed of trust, vary with the directions, liabilities, and

restrictions contained in the instrument under which they act. 11 Humph. R., 333.

2. The plaintiff is to receive the rents, and out of them to pay the repairs, taxes and insurance, before making any other use of the "funds." The land, when conveyed, was taxable, and remains subject to the same burthens. To reject that construction, would render inoperative a part of the deed. The deed conveyed to the plaintiff a complete legal estate in the premises. 2 Sw. Dig., 107. Doe. ex dem. *Player* v. *Nichols,* 1 B. & C., 336. And this was necessary to the execution of the trust. Lewin on Trusts, 234, 240, 247. *Leavitt* v. *Beirne,* 21 Conn. R., 1. *Upham* v. *Varney,* 15 N. H., 462. *Duke of Cumberland* v. *Graves,* 9 Barb., 595.

3. The minor children of the grantor, have no present interest in the land. They have an interest in the rents, after the repairs, taxes, insurance, &c., &c., are paid, and that, by the deed, is the extent of their interest. They may, upon the happening of a future event, succeed to the estate ; but until that event happens, they are not the owners, legal or equitable. Without the direction contained in the deed, the lands would be subject to taxation in the hands of the plaintiff. He is the "owner," within the meaning of Sect. 28, of Act of 1851, for the assessment and collection of taxes.

WAITE, C. J. It is the policy of our law, to make all property, with few exceptions, liable to taxation, that it may be made to contribute to the support of government, by which it is protected, and secured to the owner. Among the kinds specifically exempted, is "the real and personal estate of persons of color."

The first enquiry is, whether the property, for which the plaintiff has been taxed by the defendants, is the estate of those persons, who are claimed to be persons of color, within the meaning of the statute.

That the legal title is not in them, but in the plaintiff, must be admitted. The conveyance was to him, and not

to them. And whether they will have any interest in the property, is yet uncertain, depending upon their attaining the age of twenty-one years.

The property is not to be conveyed to them until the youngest becomes of that age, and, during their minority, they have no interest in it, except so much of the rents, as the plaintiff, in the exercise of his discretion, may think proper to allow them for their education and support. It is obvious, therefore, that, at present, they have no vested interest, beyond a claim upon the plaintiff, for a reasonable exercise of his discretion.

And it does not appear that their claim, in this respect, would, in any manner, be affected by the taxation of the property. The grantor, in his deed, seems to contemplate a surplus of rents, beyond what may be required for his children, which he directs to be invested and holden in trust. For aught that appears, these rents may be fully adequate for the support of the children during their minority, and the payment of all taxes.

If the children should all die before any one of them arrives at the age of twenty-one years, and without heirs, an event which seems also to have been contemplated by the grantor, then the whole property, including both that conveyed by the deed, and the accumulated rents, is to be conveyed to the heirs of the grantor.

We do not think it was the design of the legislature to exempt property, thus situated, from taxation. The general rule is, that all real estate shall be subject to taxation, and an exemption of any particular estate is an exception to that rule; and to entitle a party to the benefit of such exemption, he must bring his case clearly within the provision of the law; which we think the plaintiff, in the present case, has not done. He is not a person of color.

Whether the children of the grantor, having a preponderance of white blood, can be considered as persons of color, within the meaning of the statute, and whether the provision

in the deed, relative to the payment of taxes, can have any effect upon the question, whether the property is, by law, liable to taxation, are questions which we deem it unnecessary to consider. But for the reason already stated, we are of opinion that, upon the facts admitted in the case, the plaintiff is not entitled to recover, and therefore we advise the superior court to render judgment in favor of the defendants.

In this opinion the other judges, STORRS and HINMAN, concurred.

Judgment for defendants.